IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN JAMMAL KING, <br> JAMAL CHRISTOPHER, <br> and DENZAEL JONES, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. MARSHALS SERVICE, <br> WHITE COUNTY SHERIFF, <br> SUPERINTENDENTS, <br> HALEY DUFFY, <br> LARREN KECK, <br> CODY JACOBS, <br> BYRD HUEBER, <br> DAVID TORANT, <br> LANCE CLEVENGER, <br> ANDREW HAMLIN, <br> and RANDALL COBB, <br><br> Defendants. | Case No. 19-cv-01337-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This civil rights action was filed pursuant to 42 U.S.C. § 1983[1] by three detainees at White County Jail ("Jail") located in Carmi, Illinois. Plaintiffs Darren King, Jamal Christopher, and Denzael Jones brought this action to address unconstitutional conditions of confinement at the Jail. (Doc. 1). They seek money damages and unspecified injunctive relief. (*Id*. at p. 10).

On December 11, 2019, the Court entered a *Boriboune* Order[2] (Doc. 3) to inform Plaintiffs

---

[1] Although Plaintiffs set forth allegations suggesting that they were detainees on a federal holdover during their confinement at White County Jail, they properly brought this action under 42 U.S.C. § 1983 because they assert claims for constitutional violations by persons acting under color of state law. *See Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).

[2] *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004) (instructing district courts to warn individuals involved in multi-plaintiff litigation of the pros and cons of proceeding together in a single action and allow them an early opportunity to opt out of group litigation).

1

of the risks and benefits of proceeding together with group litigation. Each Plaintiff was required to advise the Court in writing on or before January 8, 2020, whether he wanted to continue as a plaintiff in this group action. (*Id*. at pp. 4-5). Plaintiffs were warned that anyone who simply failed to respond would remain obligated to pay the full filing fee and would also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).

Prior to the deadline, King and Christopher opted to proceed with group litigation. King filed a Notice of Intent to Proceed with Group Litigation (Doc. 13, p. 30) and Motion for Leave to Proceed *in forma pauperis*[3] (Doc. 13, pp. 1-29). Christopher filed a Motion to Continue (Doc. 6) and Motion for Leave to Proceed *in forma pauperis* (Doc. 7). Both shall remain named as plaintiffs in this action.

Jones simply failed to respond to the *Boriboune* Order. He shall be dismissed without prejudice for want of prosecution and for failure to comply with the *Boriboune* Order (Doc. 3). *See* FED. R. CIV. P. 41(b). This dismissal shall be without prejudice. Jones is free to pursue his claims in a separate lawsuit.

All three plaintiffs remain obligated to pay the filing fee for this action. Jones did not file an IFP Motion and is therefore obligated to pay the full $400.00 filing fee for this action, despite being dismissed. King was granted IFP and is required to pay an initial partial filing fee of $56.97. Christopher's IFP application was denied, and he is required to pay the full $400.00 filing fee within thirty (30) days (on or before May 4, 2020) or face dismissal from this action.

---

[3] Although the Court received these documents from King on January 30, 2020, King signed the IFP Motion on December 16, 2020 and the Notice on January 1, 2020. The Court accepts King's IFP Motion and Notice as timely responses to the Court's *Boriboune* Order (Doc. 3).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The following allegations are set forth in the Complaint:[4] during their detention at the Jail in 2018-19, Plaintiffs King and Christopher were subjected to unconstitutional conditions of confinement. (Doc. 1, pp. 1-10). These conditions include the following: inadequate and unhealthy food,[5] filthy living conditions, lack of cleaning supplies, insect infestations, peeling paint, poor ventilation, poor lighting, small cells, exposure to mold, a lack of smoke/carbon monoxide detectors, and a denial of recreational activities. (*Id.*). Among other things, Plaintiffs suffered from constipation as a result of their inadequate diet, and they developed scabies and jock itch as a result of their exposure to filthy living conditions.[6] (*Id.* at p. 3). Plaintiffs complained to the following individuals about their living conditions to no avail: Byrd Hueber (jail administrator), Randall Cobb (jail administrator), David Torant (officer), Andrew Hamlin (officer), Cody Jacobs (officer), and Keck (jail employee). (*Id.* at pp. 5-6). Plaintiff filed complaints with Keck (jail employee) and Clevenger (jail employee) about their inadequate, unhealthy, and improperly prepared diet. (*Id.* at p. 5). However, they also blame the U.S. Marshals

---

[4] All allegations pertaining to Jones are excluded from this summary based on his dismissal from this action.
[5] Plaintiffs specifically complain about the lack of food variety, overly-processed foods, denial of fresh fruit/vegetables, and improper food handling. (*Id.* at p. 2).
[6] King and Christopher may have also experienced constipation, bronchitis, and/or sinus infections. (*Id.*).

3

Service for their diet because the federal agency allegedly provides funding for their detention at the Jail. (*Id.*).

Based on the allegations in the Complaint, the Court designates two (2) counts in this *pro se* action:

> **Count 1:** Fourteenth and/or Eighth Amendment claims against Hueber, Cobb, Torant, Hamlin, Jacobs, and Keck for subjecting Plaintiffs to unconstitutional living conditions at the Jail in 2018 and 2019.
>
> **Count 2:** Fourteenth and/or Eighth Amendment claims against Keck, Clevenger, and the U.S. Marshals Service for depriving Plaintiffs of adequate nutrition during their detention at the Jail in 2018 and 2019.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is encompassed by the allegations in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[7]

### Preliminary Dismissals

Haley Duffy, White County Sheriff, and White County Superintendents are listed as defendants in the case caption but are not mentioned anywhere in the statement of claim. Merely invoking the name of potential defendants is not sufficient to state a claim against them. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Defendants cannot be held liable for the alleged violation of Plaintiff's constitutional rights based solely on their supervisory roles at the Jail. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*,

---

[7] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

436 U.S. 658 (1978). Defendants Duffy, White County Sheriff, and White County Superintendents shall be dismissed without prejudice from this action because the allegations state no claim against them – in their individual or official capacities.

**Discussion**

The analytical framework for Counts 1 and 2 depends on Plaintiffs' status as pretrial detainees or prisoners when their claims arose. If they were pretrial detainees, the Fourteenth Amendment governs their claims and prohibits all forms of punishment against them. *Currie v. Chabra*, 728 F.3d 626, 628-29 (7th Cir. 2013). If they were convicted persons, the Eighth Amendment controls and prohibits only punishment that is considered cruel and unusual. *Id.* The exact constitutional framework can be sorted out as the case proceeds.

Either way, Plaintiffs' claims survive preliminary review—even under the more rigorous Eighth Amendment standard. All Eighth Amendment claims have an objective and a subjective component. *Wilson v. Seiter,* 501 U.S. 294, 302 (1991); *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). The objective component examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id.* The conditions must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

Only deprivations of basic human needs, like food, medical care, sanitation and physical safety, trigger Eighth Amendment scrutiny. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single,

identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson,* 501 U.S. at 304.

The conditions described in connection with Counts 1 and 2 satisfy the objective component of both claims, either in isolation or in combination with one another. *See, e.g., Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013) (denial of exercise resulting from unit-wide lockdowns supported claim); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989) (reversing summary judgment where prisoner was denied cleaning supplies and confined for three days in cell smeared with feces). *See also Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (nutritionally inadequate food resulting in malnutrition supported claim); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (reversing dismissal of *pro se* prisoner's claim that he received "not just ran[c]id food" but also a "nutritionally deficient" diet).

With one exception, the allegations also suggest that each defendant named in connection with Counts 1 and 2 exhibited deliberate indifference toward these conditions. That is, Defendants Hueber, Cobb, Torant, Hamlin, Jacobs, and Keck knew of and disregarded the generally unsanitary and unsafe conditions at the Jail. Defendants Keck and Clevenger were aware of Plaintiffs' complaints about the food inadequacies and unsafe food preparation but refused to address these issues.

The only exception is Defendant U.S. Marshals Service named in connection with Count 2. Plaintiffs blame the agency for the Jail's inadequate diet simply because the agency allegedly provides funding to the Jail for federal detainees. This threadbare allegation supports no plausible claim against the defendant. *See* FED. R. CIV. P. 8(a) (requiring only a short and plain statement of claim); *Twombly*, 550 U.S. 544, 570 (2007) (requiring "enough facts to state a claim to relief that is plausible on its face"). The U.S. Marshals Service shall be dismissed without prejudice.

**Disposition**

**IT IS ORDERED** that Plaintiff **DENZAEL JONES** is **DISMISSED** without prejudice from this action based on his failure to comply with the *Boriboune* Order (Doc. 3) and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). Jones remains obligated to pay the full $400.00 filing fee for this action.

**IT IS ORDERED** that the only Plaintiffs remaining in this action are Plaintiffs **DARREN JAMMAL KING** and **JAMAL CHRISTOPHER**. King is reminded of his obligation to pay the initial partial filing fee of $56.97. (*See* Doc. 19). Christopher is reminded of the Order requiring him to pay the full $400.00 filing fee on or before May 4, 2020, or face dismissal from this action. (*See* Doc. 20).

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A, as follows:

- **COUNT 1** will receive further review against Defendants **HUEBER, COBB, TORANT, HAMLIN, JACOBS,** and **KECK** in their individual capacities only; and

- **COUNT 2** will receive further review against Defendants **KECK** and **CLEVENGER** in their individual capacities only.

**IT IS ORDERED** that all **OFFICIAL CAPACITY CLAIMS** are **DISMISSED** without prejudice from this action for failure to state a claim for relief. Plaintiffs' unspecified request for **INJUNCTIVE RELIEF** is also **DISMISSED** without prejudice for failure to state a claim.

**IT IS ORDERED** that all claims against Defendants **HALEY DUFFY, WHITE COUNTY SHERIFF, WHITE COUNTY SUPERINTENDENTS**, and **U.S. MARSHALS SERVICE** are dismissed without prejudice for failure to state a claim. The Clerk of Court is **DIRECTED** to **TERMINATE** these defendants as parties in CM/ECF.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **HUEBER, COBB, TORANT, HAMLIN, JACOBS, KECK,** and **CLEVENGER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiffs, and the judgment includes the payment of costs under Section 1915, Plaintiffs will be required to pay the full amount of the costs, regardless of whether their applications to proceed *in forma pauperis* were granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiffs are **ADVISED** that they are under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/3/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT
United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.